UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

SANDRA P. RENDON

    Plaintiff,

v.

SOUTH DADE CHAMBER OF
COMMERCE, INC.
and KERRY BLACK, individually,

    Defendants,

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff SANDRA P. RENDON by and through the undersigned counsel, and sues Defendants SOUTH DADE CHAMBER OF COMMERCE, INC., and KERRY BLACK individually, and alleges:

JURISDICTION AND VENUES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. The Plaintiff brings also an action for equitable and monetary relief to readdress the violations of Plaintiff's rights pursuant to the expanded Family Medical Leave Act, (FMLA) or the Families First Coronavirus Response Act ("FFCRA"), P.L. 116-136, as amended;

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343.

4. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful, were committed in Dade County, within the jurisdiction of this Honorable Court.

## PARTIES

5. The Plaintiff SANDRA P. RENDON is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the expanded FMLA protections of the Families First Coronavirus Response Act ("FFCRA"), P.L. 116-136, as amended, and the provisions found in the Fair Labor Standards Act.

6. Defendant SOUTH DADE CHAMBER OF COMMERCE, INC. (hereinafter SD CHAMBER OF COMMERCE, or Defendant) is a Florida Not for Profit Corporation having a place of business in Dade County, Florida. The Defendant was and is engaged in interstate commerce.

7. The individual Defendant KERRY BLACK was and is now the CEO and manager of SD CHAMBER OF COMMERCE. This individual Defendant controlled Plaintiff's terms and conditions of employment and she was the employer of Plaintiff and others similarly situated within the meaning of the FFCRA.

## GENERAL ALLEGATIONS

8. Defendant SD CHAMBER OF COMMERCE is a private organization created to promote, and protect the interests of businesspeople, and to advocate on behalf of its members. Defendant serves the local business community of Homestead and South Dade.

9. Defendants SD CHAMBER OF COMMERCE and KERRY BLACK employed Plaintiff SANDRA P. RENDON as a full time non-exempt, hourly employee from approximately June 21, 2018, through March 27, 2020, or 92 weeks.

10. Plaintiff worked as an office clerk and bookkeeper at the Organization's offices located at 47 N. Krome Avenue, Homestead Avenue, FL 33030.

11. During her time of employment with Defendants, Plaintiff worked 5 days per week more than 40 hours weekly. Plaintiff was paid a wage rate of $16.25 an hour.

12. Throughout her employment with the Defendants, the Plaintiff performed her duties in an exemplary fashion. The Plaintiff possessed all the required skills, training, and qualifications for the job in question, and performed her duties without significant issue or controversy.

13. Unfortunately, on or about March 18, 2020, Plaintiff got sick. Plaintiff's condition worsened and on or about March 23, 2020 she was admitted to West Kendall Baptist Hospital. Plaintiff tested positive for COVID-19 test and she was diagnosed with multifocal pneumonia.

14. Plaintiff was critically ill, and she was intubated from March 23, 2020 to April 6, 2020. On or about April 13, 2020, Plaintiff was discharged from the hospital to continue treatment at home.

15. At all times during her sickness, Plaintiff informed her superior KERRY BLACK, about her health condition. While intubated, Plaintiff's family members updated and informed Defendants about Plaintiff's condition.

16. However, Defendants fired Plaintiff on or about March 27, 2020 while she was intubated and critically ill.

17. The Families First Coronavirus Response Act (FFCRA or Act) requires certain employers to provide their employees with paid sick leave and expanded family and medical leave for specified reasons related to COVID-19.

18. Defendants SD CHAMBER OF COMMERCE and KERRY BLACK fired Plaintiff before she was cleared to return to work. Plaintiff was unlawfully and retaliatory terminated by her employer.

19.  Defendants SD CHAMBER OF COMMERCE and KERRY BLACK  violated Plaintiff's protected rights under the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended, when it fired Plaintiff due to the COVID-19 diagnosis, and therefore should be punishable under FLSA, 29 U.S.C. § 215 (a) (3).

20. Defendants SD CHAMBER OF COMMERCE and KERRY BLACK  violated Plaintiff's protected rights under the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended by The Emergency Paid Sick Leave Act (EPSLA), which is Division E of the FFCRA, when it failed to pay Plaintiff up to 2 weeks or 80 hours of paid sick leave in specific circumstances related to the Plaintiff due to the COVID-19 diagnosis, and therefore should be punishable under FLSA, 29 U.S.C. § 216 and 217.

21.  Moreover, at the moment of her termination Defendants did not paid Plaintiff for 85 accumulated overtime hours or the equivalent to $2,071.45

22. Defendants SD CHAMBER OF COMMERCE violated Plaintiff's protected rights under the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended, when it fired Plaintiff due to the COVID-19 diagnosis, and therefore should be punishable under FLSA, 29 U.S.C. § 215 (a) (3).

23. As a direct and proximate cause of Defendants' willful, wanton, and malicious acts

described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

24. Plaintiff seeks to recover damages pursuant to the Family Medical Leave Act; and to Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended. Plaintiff also intends to recover any unpaid overtime hour, liquidated damages, and any other remedy, as allowable by law.

**COUNT I:**
**VIOLATION OF THE FAMILY FIRST CORONAVIRUS RESPONSE ACT ("FFCRA") P.L. 116-136, AS AMENDED**

25. Plaintiff SANDRA P. RENDON re-adopts every factual allegation about the FFCRA, as stated in paragraphs 1-24 above, as if set out in full herein.

26. At all times relevant and material, the Defendants SD CHAMBER OF COMMERCE and KERRY BLACK are employers under the FMLA, as defined in 29 U.S.C. § 2611(4).

27. Plaintiff SANDRA P. RENDON is a qualified member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

28. Defendants SD CHAMBER OF COMMERCE and KERRY BLACK employed Plaintiff SANDRA P. RENDON as a full time non-exempted, hourly employee from approximately June 21, 2018, through March 27, 2020, or 92 weeks.

29. Plaintiff worked as an office clerk and bookkeeper at the Organization's offices located at 47 N. Krome Avenue, Homestead Avenue, FL 33030.

30. During her time of employment with Defendants, Plaintiff worked 5 days per week more than 40 hours weekly. Plaintiff was paid a wage rate of $16.25 an hour.

31. At all times material, Plaintiff was qualified to perform her job as an office clerk within the legitimate expectations of her employer.

32. Defendant SD CHAMBER OF COMMERCE is a large business with less than five hundred (500) employees and is therefore subject to the FFCRA

33. Plaintiff had worked for SD CHAMBER OF COMMERCE for more than 30 days before her need for medical leave.

34. On or about March 18, 2020, Plaintiff got sick and on or about March 23, 2020, Plaintiff was admitted to the hospital, she tested positive for COVID-19, she was intubated and critically ill.  Consequently, Plaintiff was covered by the FFCRA because:1) Plaintiff was subjected to a Federal, State, or Local quarantine or isolation order related to COVID-19; 2) Plaintiff had been admitted to the hospital by a health care provider, she was isolated in an Intensive Care Unit due to her serious health condition related to COVID-19; 3) Plaintiff was intubated and under treatment because of her COVID-19 diagnosis.

35. Defendant SD CHAMBER OF COMMERCE violated Plaintiff's protected rights under the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended by The Emergency Paid Sick Leave Act (EPSLA), which is Division E of the FFCRA, when it failed to pay Plaintiff up to 2 weeks or 80 hours of paid sick leave in specific circumstances related to the Plaintiff due to the COVID-19 diagnosis, and therefore should be punishable under FLSA, 29 U.S.C. § 216 and 217.

36. Moreover, Defendant SD CHAMBER OF COMMERCE violated the FFCRA by discharging Plaintiff from her position based upon her positive COVID-19 diagnosis and orders from her physician to self-isolate and continue her treatment at home.

37. On or about March 27, 2020, the Defendants SD CHAMBER OF COMMERCE and KERRY BLACK terminated Plaintiff, while she was at the hospital gravely ill, intubated and fighting for her life.

38. Defendants SD CHAMBER OF COMMERCE and KERRY BLACK were fully aware of the health status of the Plaintiff by virtue of the regular updates that Plaintiff's family members provided to Defendants.

39. Before Plaintiff was cleared to return to work by physicians because of the concerns for her health regarding the positive COVID-19 diagnosis, she was unlawfully and retaliatorily terminated by her employers SD CHAMBER OF COMMERCE and KERRY BLACK.

40. Plaintiff's need for time off work, due to the concerns related to COVID-19 expressed by her physicians, was the motivating factor behind her termination.

41. Pursuant to the FFCRA, the Defendant SD CHAMBER OF COMMERCE was prohibited from terminating Plaintiff for her physician-ordered time off work due to COVID-19, and therefore shall be punishable under FLSA, 29 U.S.C. § 215 (a) (3).

42. 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

43. Defendants SD CHAMBER OF COMMERCE and KERRY BLACK willfully and intentionally retaliated against Plaintiff by firing her.

44. The motivating factor which caused the Plaintiff's termination as described above was the emergency leave to treat her COVID-19 diagnosis. In other words, the Plaintiff would not

have been discharged but for her positive COVID-19 test, the related self-isolation period, and the necessary time to heal.

45. At the times mentioned, the individual Defendants KERRY BLACK was the owner/partner/director of SD CHAMBER OF COMMERCE. Defendant KERRY BLACK was the employer of Plaintiff and others similarly situated within the meaning of the FFCRA. In that, this individual Defendant acted directly in the interests of SD CHAMBER OF COMMERCE in relation to its employees, including Plaintiff and others similarly situated. Defendant KERRY BLACK had absolute financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and she is jointly and severally liable for Plaintiff's damages.

46. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, the Plaintiff has been damaged.

47. The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SANDRA P. RENDON respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended;

B. Enter judgment against Defendants SD CHAMBER OF COMMERCE and KERRY BLACK, that Plaintiff SANDRA P. RENDON recovers compensatory, damages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff SANDRA P. RENDON further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff SANDRA P. RENDON demands trial by a jury of all issues triable as of right by a jury.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

48. Plaintiff SANDRA P. RENDON re-adopts every factual allegation as stated in paragraphs 1-24 concerning to FLSA, as if set out in full herein.

49. This cause of action is brought by Plaintiff SANDRA P. RENDON as a collective action to recover from the Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after June 2018, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

50. The Defendant SD CHAMBER OC COMMERCE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is an organization dedicated to promoting businesses engaged in interstate

commerce. The Defendant had more than two employees recurrently engaged in commerce or the production of goods and services for commerce by regularly using the instrumentalities of interstate commerce, to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

51. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce by regularly promoting services, goods and materials that were produced for commerce and were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

52. Defendants SD CHAMBER OF COMMERCE and KERRY BLACK employed Plaintiff SANDRA P. RENDON as a full time non-exempt, hourly employee from approximately June 21, 2018, through March 27, 2020, or 92 weeks.

53. Plaintiff worked as an office clerk and bookkeeper at the Organization's offices located at 47 N. Krome Avenue, Homestead Avenue, FL 33030.

54. During her time of employment with Defendants, Plaintiff worked 5 days per week more than 40 hours weekly. Plaintiff was paid a wage rate of $16.25 an hour. Plaintiff overtime rate should be $24.37.

55. Plaintiff worked regularly from Monday to Friday, but she also participated in numerous events organized by Defendants. In those weeks she accumulated many overtime hours.

56. On or about March 27, 2020, Plaintiff was terminated because she got sick with the COVID-19, but she was not paid for approximately 85 overtime hours.

57. Plaintiff did not clock in and out, but for some time during 2019, she signed timesheets. In addition, Defendant KERRY BLACK was able to keep track of the hours worked by Plaintiff and she knew that Plaintiff was working overtime hours.

58. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

59. The Plaintiff was paid weekly by direct deposits. Plaintiff was not provided with paystubs showing the number of days and hours worked in every week.

60. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of the Defendants. However, upon information and belief, Defendants did not maintain time accurate records of hours worked by the Plaintiff and other employees.

61. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

62. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

63. Plaintiff does not have time and payment records, but she will offer an average good faith estimate of unpaid overtime hours based on some paystubs in his possession. After proper discovery, the Plaintiff will adjust his calculations accordingly.

* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Two Thousand Seventy-One Dollars and 45/100 ($2,071.45)

   b. <u>Calculation of such wages</u>:

   Total time of employment: 92 weeks
   Relevant weeks of employment:  92 weeks
   Total unpaid overtime hours: 85 overtime hours
   Regular rate: $16.25 an hour x 1.5 = $24.37 O/T rate

   Overtime rate: $24.37 x 85 O/T hours=$2,071.45

   c. <u>Nature of wages (e.g. overtime or straight time)</u>:

   This amount represents unpaid overtime wages.

64. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked over the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

65. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

66. At the times mentioned, the individual Defendant KERRY BLACK was the owner/partner/director of SD CHAMBER OF COMMERCE. Defendant KERRY BLACK

was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of SD CHAMBER OF COMMERCE in relation to its employees, including Plaintiff and others similarly situated. Defendant KERRY BLACK had absolute financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and she is jointly and severally liable for Plaintiff's damages.

67. Defendants SD CHAMBER OF COMMERCE and KERRY BLACK willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

68. The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SANDRA P. RENDON and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff SANDRA P. RENDON and other similarly situated individuals and against the Defendants SD CHAMBER OF COMMERCE and KERRY BLACK  SD CHAMBER OC COMMERCE based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff SANDRA P. RENDON actual damages in the amount shown to be due for unpaid overtime compensation for hours worked over forty weekly, with interest;

and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff SANDRA P. RENDON demands trial by a jury of all issues triable as of right by a jury.

Dated: November 2, 2020

        Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*